*The Law Office of*

# Rehan Nazrali, Esq.

299 Broadway ▪ 17th Floor ▪ New York, NY 10007 ▪ Tel: (646)331-9378 ▪
[www.NazraliLaw.com](www.NazraliLaw.com); E-mail: rnazraliesq@gmail.com



February 9, 2024

<u>Via ECF</u>
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re: ALVAREZ V. CORRECTIONS OFFICER BOHILL (FIRST NAME UNKNOWN)

Docket No.: 1:23CV01785 (JHR)

Dear Judge Rearden,

I represent Plaintiff Carlos Alvarez in the above referenced matter and write, for a fourth time, requesting from this Honorable Court a vacature of the December 22, 2023 order and for a final Order for an extension of time to serve Def. Bohill. It is respectfully submitted that Plaintiff has good cause, as detailed below, to request a fourth, and final, additional extension to effectuate service on Defendant Bohill.

Previously, this Court has graciously, and correctly, granted Plaintiff three extensions of time to serve Def. Bohill, instances in which Plaintiff has continuously demonstrated good cause for his failure to serve.[1] This Honorable Court has previously noted Plaintiff's past efforts to ascertain Def. Bohill's first name via seven (7) DOCCS FOIL requests, efforts which have spanned from March of 2023 and have continued up until present day[2] and have, at last, yielded an optimistic and positive response from the DOCCS.

In Plaintiff's prior extension request, it was noted that Counsel was looking to obtain an updated copy of a Power of Attorney document as requested by DOCCS via email[3] on October 20, 2023. Mr. Alvarez obtained the notarized document on November

---

[1] See Dkt #5 – 10
[2] See Exhibit A
[3] See Exhibit B

22, 2023[4] and provided its physical copy to Caribe Express, a courier company, to mail from his home in the Dominican Republic. In order to accelerate the filing process, Mr. Alvarez digitally sent Counsel a copy, which was promptly filed with DOCCS on December 11, 2023[5]. On December 13, 2023, DOCCS notified Counsel via email[6] that they required a "legible copy of the Power of Attorney," rendering the digital copy obtained from Mr. Alvarez useless. At this point, the physical copy mailed out by Mr. Alvarez had not yet been delivered. Unfortunately, due to circumstances out of Mr. Alvarez's control, it was discovered that the delivery of the physical document was not properly carried out by Caribe Express. Due to physical ailments as a result of the injuries inflicted upon him by Def. Bohill and the difficulty of travel involved in visiting Caribe Express in store, Mr. Alvarez was unable to appear in-person to ensure the document would be appropriately processed and mailed out until January 22, 2024, at which point Caribe Express, who had been sitting on the document without proper processing for numerous weeks, finally processed it via UPS and had it mailed. The document was delivered to Counsel's office on January 29, 2024. A seventh request[7] was then sent to DOCCS with the more legible copy of the Power of Attorney document provided.

On February 7, 2024, my office received a letter[8] via email from the DOCCS confirming receipt of our records request, specifically stating that our request had been forwarded to "Fishkill Correctional Facility for appropriate action.[9]"

This letter's contents marks the first time in which DOCCS has stated it is currently processing Plaintiff's request through a specific facility, to wit, the "Fishkill Correctional Facility" for what it calls "appropriate action.[10]"  It is Plaintiff's counsel's belief, in this seventh request, in which DOCCS has delivered the most positive response received to date detailing next steps, that Plaintiff asserts he has properly satisfied DOCCS requirement of time and type of records (Hearst Corp & Brendon Lyons v. NYS

---

[4] See Exhibit C
[5] See Exhibit D
[6] See Exhibit E
[7] See Exhibit F
[8] See Exhibit G
[9] Further setting an approximate span of twenty (20) business days before a decision is made
[10] See Exhibit G

Dept of Corrections, et al., Index 88-2016 [Albany County]) and should be able to obtain the requested records most likely to contain Def. Bohill's full name — sufficient to ascertain his complete identity and locate him for service, accordingly. Through the above referenced instances, it is clear that Plaintiff is fully committed to pursuing this action, even from abroad, and has no interest in abandoning this action. This Court has previously made note of the Plaintiff's diligent efforts[11] and, as such, respectfully requests that this Court make one final exception, as Plaintiff is now on the one-yard line, if you will, well within striking distance of obtaining the DOCCS documents.

As this Court has previously stated in its prior Orders[12], there is no prejudice (See Also, e.g., Husowitz v. American Postal Workers Union, 190 F.R.D. 53, 57 [E.D.N.Y. 1999]) to Defendant in granting Plaintiff such an extension. Plaintiff avers that no such prejudice would actuate should the Court grant Plaintiff's request, as no facts of the case have changed from the prior application other than an additional positive response received from DOCCS.

Accordingly, Plaintiff requests that this Honorable Court vacate its order dated December 22, 2023 where it held that it would not extend Plaintiff any additional time to serve and grant him an additional fourth extension of time to find and serve the defendant.

Significantly, Rule 60(b)(6) affords Parties the opportunity to seek vacature of the Court's prior order where such relief is merited and for "any other reason justifying relief" provided that the motion is not covered by 60(b)(1) through (5), and is made within a "reasonable time," and presents evidence of "extraordinary circumstances". See Ackermann v. U.S., 340 U.S. 193, 71 S. Ct. 209, 95 L. Ed. 207 (1950); [**5] Klapprott v U.S., 335 U.S. 601, 69 S. Ct. 384, 93 L. Ed. 266 (1949); Dunlop v. Pan American World Airways, Inc., 672 F.2d 1044 (2d. Cir. 1982); Montco, Inc. v. Barr, 666 F.2d 754 (2d. Cir 1981); U.S. v. Cirami, 563 F.2d 26 (2d. Cir 1977). Golden Oldies, Ltd. v. Scorpion Auction Group, Inc., 199 F.R.D. 98, 99-100.

---

[11] See Dkt # 5, 7, & 10
[12] See Dkt #5 – 8

In Golden, Plaintiff was unable to serve the defendant due to circumstances outside of his control and the Court granted Plaintiff's motion to vacate a dismissal given Plaintiff demonstrating diligent efforts to serve an incalcitrant defendant, constituting extraordinary circumstances. In parallel with Golden, Plaintiff has actively made numerous attempts at ensuring proper processing and delivery of his documents, only falling victim to extraordinary circumstances outside of his control[13].

Additionally, the Second Circuit has explained that Rule 60(b) "should be broadly construed to do 'substantial justice,.'" Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (internal and other quotation and citations omitted). Further, because Rule 60(b) permits "extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Id. (citations omitted)." Sioleski v. Sullivan, 2015 U.S. Dist. LEXIS 111827, *3.

In the matter at hand, the facts also run parallel to Johnson and Sioleski, supra, as Mr. Alvarez's diligent attempts at ensuring proper prosecution of this action, despite inadvertent excusable errors made in the delivery of the necessary documents by third parties outside of his control along with the difficulties he has physically in providing the aforesaid document, unquestionably fall under "a showing of exceptional circumstance," as well as "excusable neglect," when weighing the circumstances.

Accordingly, Plaintiff respectfully requests this Honorable, and already charitably merciful Court, to vacate its December 22, 2023 Order, and grant one further extension of time, for a final 90 days from this Court's existing final date of February 26, 2024, to May 25, 2024, in order to permit Plaintiff to obtain the requested DOCCS files, serve Defendant Bohil, and file an affidavit of service, establishing proper and timely service of process as provided under Rule 4(m).

Accordingly, Plaintiff humbly and respectfully requests the aforesaid additional extension of time to allow him to continue his efforts to serve and file proof of service upon the Defendant.

---

[13] Fed. R. Civ. P. 60(b)(1) "permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)) Meilleur v. Strong, 682 F.3d 56, 64.

Yours,

*[signature]*

Rehan Nazrali, Esq.

Application GRANTED, in light of Plaintiff's counsel's representations that (1) "Plaintiff is now on the one-yard line," "well within striking distance of obtaining" the DOCCS documents that are allegedly needed to "ascertain [Defendant's] complete identity and locate him for service," ECF No. 11 at 2-3, and that (2) the instant application seeks a "<u>final</u>, additional extension to effectuate service on Defendant Bohill." *Id.* at 1 (emphasis added); *see also* ECF No. 12 (attaching February 2024 correspondence from Fishkill Correctional Facility acknowledging Plaintiff's FOIL request).  Plaintiff shall file proof of such service by **May 25, 2024**.  No further extensions will be granted.  Failure to serve by the deadline will result in dismissal Rule 4(m) of the Federal Rules of Civil Procedure without further notice.  The Clerk of Court is directed to terminate ECF No. 11.  SO ORDERED.

*[signature]*

Jennifer H. Rearden, U.S.D.J.
Dated: February 28, 2024