UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ,<br>                             *Plaintiff*<br><br>—v.—<br><br>NEW YORK STATE CORRECTIONS<br>OFFICER DANIEL JOHN BOURHILL,<br>                             *Defendant* | NOTICE OF MOTION FOR<br>DEFAULT JUDGMENT<br><br>Docket No. 1:23-cv-01785 JHR |

PLEASE TAKE NOTICE that, upon the annexed memorandum of law and attached exhibits, and all prior papers and proceedings in this case, Plaintiff Carlos Alvarez, by counsel, will move before the Honorable Judge Jennifer Rearden, U.S.D.J., at the United States Courthouse, 500 Pearl Street, New York, New York 10007, for entry of an Order pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55(b)(2).

1. For judgment by default against Defendant Daniel John Bourhill on the grounds of his failure to answer the Complaint or otherwise move or appear before the time for answering such Complaint expired;

2. Entering Judgment in the amount of $3,000,000.00 against Defendant Daniel John Bourhill.

    a. On a motion for default judgment, the plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence and detailed affidavits. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). The amount of damages awarded, if any, must be ascertained "with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). Razilova v. Halstead Fin. Servs. LLC, 2019 U.S. Dist. LEXIS 34176, *5

1

    b. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that on the matter of damages "the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508p

3. Granting such other and further relief as this Court deems just and proper under the circumstances.

PLEASE TAKE FURTHER NOTICE that answering papers, if any, shall be served on the undersigned no later than fourteen days after service of the moving papers in accordance with Local Rule 6.1(b), or at such other time as the court may direct.

Dated: November 26, 2024
New York, NY

                                            Rehan Nazrali, Esq.
                                            299 Broadway - 17th Floor
                                            New York, NY 10007
                                            646-331-9378
                                            *Attorney for Plaintiff*

To:    Daniel John Bourhill
        *Defendant*
        161 Creamery Road Apt. 1
        Hopewell Junction, Ny 12533

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ,  *Plaintiff*<br><br>—v.—<br><br>NEW YORK STATE CORRECTIONS OFFICER DANIEL JOHN BOURHILL,  *Defendant* | MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT<br><br>Docket No. 1:23-cv-01785-JHR |

## PRELIMINARY STATEMENT

This action seeks to vindicate Plaintiff Carlos Alvarez, who was subjected to excessive force while imprisoned at Fishkill Correctional Facility. Following the arduous task of locating the Defendant Daniel John Bourhill, Plaintiff properly served the Defendant with the Complaint. Since then, the Defendant has failed to appear, plead, file an answer, or otherwise defend this action. Accordingly, Plaintiff is entitled to default judgment.

## RELEVANT BACKGROUND

On or about March 3, 2020, Plaintiff Carlos Alvarez was serving time at Fishkill Correctional Facility. At approximately 8:00 AM on that same day, the Plaintiff approached Defendant Corrections Officer Daniel John Bourhill and Plaintiff asked about a Doctor's appointment and the Defendant responded, *"Get out of here, you stupid Spanish motherfucker."* Plaintiff responded, *"I'm not a stupid Spanish motherfucker."*

At that point, the Defendant Bourhill punched Plaintiff in the face. The impact of the blow caused Plaintiff to fall backwards, hit his back against a floor fan and fell to the floor, and lost consciousness. Approximately nearly three (3) years later, Plaintiff filed a summons

3

and complaint against the Defendant (ECF No. 3). However, the Defendant's full name was unclear at the time and the complaint listed it as "NEW YORK STATE CORRECTIONS OFFICER BOHILL" as the Defendant. As a result, Plaintiff was unable to locate the Defendant and had no choice but to request an extension to serve the pleadings (ECF No. 4); this Court granted the extension (ECF No. 5).

A second extension was requested (ECF No. 6) due to the same reasons and was granted by the Court (ECF No. 7). A third request (ECF No. 9) was made and also granted by the Court (ECF No. 10). Lastly, given the continuous issues in ascertaining the Defendant's name, a final and fourth request was made (ECF No. 11) and was granted by the Court (ECF No. 13). In her order, Judge Jennifer Rearden made it clear that no further extensions would be granted and that the deadline to file proof of service was May 25, 2024.

Throughout the span of this process, Plaintiff continued to inch closer to ascertaining the Defendant's actual name, filing a slew of DOCCS and FOIL requests. Fortunately, these documents proved to be useful and the Plaintiff was finally able to file his complaint with the Defendant's correct name (ECF No. 16). An electronic summons was issued (ECF No. 18) and proof of service was filed on May 17, 2024 (ECF No. 19). Since then, the Defendant Bourhill has completely failed to respond to the complaint and is therefore in default.

## STANDARD OF REVIEW

FRCP 55 states that the entry of default judgment calls for a two-step process. <u>First</u>, the entry of a default, and <u>second</u>, the entry of a default judgment. <u>See</u> <u>Graham v. HSBC Mortgage Corp.</u>, 2022 WL 1266209, *2 (S.D.N.Y. Apr. 28, 2022). However, "[c]ourts generally will excuse the failure of the moving party to obtain entry of a default prior to a

2

motion for default judgment and combine the two steps." Id. at 3 (quoting Nationsbank of Fla. v. Banco Exterior de Espana, 867 F. Supp. 167, 174 n.9 (S.D.N.Y. 1994)).

In considering whether to enter a default judgment, district courts are guided by the same factors considered when assessing whether to set aside entry of a default. Burns v. Scott, 635 F.Supp.3d 258, 271 (S.D.N.Y. 2022) (citing First Mercury Ins. Co. v. Schnabel Roofing of Long Is., Inc., No. 10 Civ. 4398 (JS) (AKT), 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011)). The factors considered include: "'(1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether the defaulting party has presented a meritorious defense'". Id. (quoting J & J Sports Prods. Inc. v. 1400 Forest Ave. Rest. Corp., No. 13 Civ. 4299 (FB) (VMS), 2014 WL 4467774, at *4 (E.D.N.Y. Sept. 10, 2014) (citing Swarna v. Al-awadi, 622 F.3d 123, 142 (2d Cir. 2010)); see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (noting that the "courts apply the factors more rigorously in the case of a default judgment because the concepts of finality and litigation repose are more deeply implicated in the latter action") (internal citation omitted)).

## ARGUMENT

1. **PROPER SERVICE WAS EFFECTUATED, THUS DEFAULT JUDGMENT AGAINST THE DEFENDANT SHOULD BE GRANTED**

It is well settled that defendants who fail to file an answer or otherwise move in response to a filed complaint are deemed to have admitted all of the well pleaded allegations in the complaint pertaining to liability. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well pleaded allegations against the defaulting party") (internal citation omitted). In this case, Defendants failed to file an answer or otherwise respond to the Complaint, and the time to do so has expired.

3

Here, the Plaintiff properly served the Defendant. Plaintiff filed the Amended Complaint on April 17, 2024 (Exhibit A - First Amended Complaint). On May 11, 2024, copies of the Summons and Amended Complaint were served on the Defendant pursuant to Fed. R. Civ. P. 4(h)(1)(B) and N.Y. CPLR §311(a). The Summons and Amended Complaint were served by affixing them to the door of Defendant's dwelling and via mail on May 13, 2024. Proof of service denoting each method was filed on May 17, 2024 (Exhibit B - Affidavit Of Service). Proper service, as outlined above, establishes this Court's jurisdiction over the Defendant. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011).

Despite the effectuation of proper service, the Defendant has completely failed to answer to the complaint or otherwise appear. Consequently, the Plaintiff's allegations are unchallenged and Plaintiff is entitled to a Default Judgment.

2. ALL THREE (3) ELEMENTS NECESSARY FOR A DEFAULT JUDGMENT ORDER ARE PRESENT IN THE INSTANT ACTION

As previously stated, there are three (3) factors that must be considered when reviewing a motion for default judgment: i) whether the defendant's default was willful; ii) whether defendant has a meritorious defense to plaintiff's claims; and iii) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. Mason Tenders Dist. Council v. Duce Const. Corp., No. 02-cv-9044, 2003 U.S. Dist. LEXIS 6881, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

Each of these elements are satisfied in this case. First, despite proper service, the Defendant has not appeared and has not responded to any of the Plaintiff's pleadings, rendering his absence willful as previously established in the Second Circuit. Fed. Ins. Co. v. CAC of NY, Inc., No. 14-cv-4132, 2015 U.S. Dist. LEXIS 32098, at *13 (E.D.N.Y. Feb. 5, 2015).

(holding that "'[w]hen a defendant is continually and entirely unresponsive,' [the] defendant's failure to respond is considered willful."). Second, the Defendant's non-appearance restricts this Court from determining whether or not he has a meritorious defense, a fact that has previously led to the entry of default judgment. CIT Bank, N.A. v. O'Sullivan, 2016 U.S. Dist. LEXIS 61787, *28. (the Court granted an entry of default because the defendant's non-appearance rendered the Court "unable to determine whether it has a meritorious defense to any of the [Plaintiff's] allegations."). Lastly, the Plaintiff would suffer great prejudice should this motion be denied, as he has no other method by which he can obtain relief from the Court. Fed. Ins. Co., 2015 U.S. Dist. LEXIS 32098, at *14-*15 (citing Trustees v. JREM Const. Corp., No. 12-cv-3877, 2013 U.S. Dist. LEXIS 23962, at *12 (E.D.N.Y. Jan. 19, 2013) (holding that the plaintiff would be prejudiced by a denial of the motion for a default judgment because "there [were] no additional steps available to secure relief in this Court").

As such, this Court should grant the Plaintiff's request for entry of default judgment against the Defendant.

3.  PLAINTIFF IS NOT REQUIRED TO SERVE THE NON-APPEARING DEFENDANT WITH THE INSTANT MOTION

Pursuant to FRCP 55, the Plaintiff is not required to serve the Defendant with a notice of motion for the instant motion. See, e.g., Bobrow Greenapple & Skolnik v. Woods, 865 F.2d 43, 44 (2d Cir. 1989) ("Neither Fed. R. Civ. P. 55(b)(2) nor [the relevant local rule] requires that, before judgment can be entered, the clerk's certificate [of default] be served upon an opposing party who has not appeared. Fed. R. Civ. P. 77(d) expressly exempts the clerk from the obligation to serve notice of entry of orders on a party 'in default for failure to appear.'"); See also New Energy Works of Rochester, Inc. v. Matsunoki Grp., Inc., No. 10-cv-6445, 2012 U.S. Dist. LEXIS 5073, at *3, 2012 WL 130269, at *1 (W.D.N.Y. Jan. 17,

2012) ("[O]nly when the defaulting party has appeared in the action must the non-defaulting party provide advance notice of its motion for default judgment.").

Such applications have been granted in circumstances featuring non-appearing defendants that were not served with a motion for default judgment. See Off-White LLC v. 5HK5584, No. 19-cv-672, 2020 WL 3050552, at *1 n.2, 2020 U.S. Dist. LEXIS 100028, at *4 n.2 (S.D.N.Y. June 8, 2020) (noting that "even though Plaintiff was unable to serve its motion for a default judgment on [a defendant] . . . the Court granted a default judgment against them. In doing so, the Court noted that 'if a party hasn't appeared, the Federal Rules don't require that a default judgment be served on [a party] at all').

In sum, Plaintiff is not required to serve the instant motion and his request should be granted.

## CONCLUSION

In consideration of the above stated reasons, the Plaintiff's motion for default judgment against Defendant Daniel John Bourhill should be granted.

Dated: November 26, 2024
New York, NY

Rehan Nazrali, Esq.
299 Broadway - 17th Floor
NY, NY 10007
646-331-9378
*Attorney for Plaintiff*

6