# PORTALE | RANDAZZO

James A. Randazzo, Esq.
jrandazzo@portalerandazzo.com
Direct Dial: 914-359-2410

December 9, 2025

In light of Plaintiff's consent, *see* ECF No. 41, the Court deems Plaintiff's motion for default judgment, ECF No. 36, withdrawn.  The Clerk's certificate of default, ECF No. 26, is hereby vacated.  Defendant's deadline to respond to the Complaint is extended *nunc pro tunc* to **December 19, 2025**.  The Court directs the parties to confer regarding the use of alternate dispute resolution mechanisms and, by **December 19, 2025**, to file a joint letter stating whether the parties believe that (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator would be appropriate and, if so, at what juncture (*e.g.,* within the next sixty days; following Plaintiff's deposition; after the close of fact discovery, etc.).

The Clerk of Court is directed to terminate ECF No. 36 and ECF No. 40.  The Clerk of Court is further directed to vacate the certificate of default, ECF No. 26.

**Via ECF**
Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

Re:    Alvarez v. Bourhill
       Case No.:  23-cv-01785 (JHR)

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: December 10, 2025

Dear Judge Rearden:

This firm has been retained to represent Defendant Daniel John Bourhill in the above-referenced matter.  I write (1) to request an extension of time to December 19, 2025, for Defendant to file an answer and, (2) in opposition to the Order to Show Cause dated November 26, 2025, (Doc. No. 37) to explain why a default judgment is not warranted.  I have spoken with Plaintiff's Attorney Rehan Nazrali about whether he consents to withdraw the second motion for a default judgment (Doc. No. 36) and to permit Defendant to file an answer, but I have not yet heard back concerning Plaintiff's position.

In any event, and as more fully set forth in the attached Declaration of Mr. Bourhill, a default judgment is not warranted because prior to his receipt of the instant Order to Show Cause, he was not aware that he had been named as a defendant in this action.  It is not alleged that Mr. Bourhill was ever personally served with the summons and complaint.  Rather, according to the affidavit of service (Doc. No. 19), since the process server was not able to serve him in person,

245 MAIN STREET SUITE 605 WHITE PLAINS, NY 10601
WWW.PORTALERANDAZZO.COM
MAIN: 914-359-2400 | FAX: 914-801-5447

service was made by affixing a copy of the pleadings to the door and mailing a copy.  However, Mr. Bourhill did not receive those documents when they were left at his apartment, and he did not receive a copy in the mail.

Where a Certificate of Default has been entered by the Clerk of the Court, but no final default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).  *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).  In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 171 (2d Cir. 2001).  "It is well established that default judgments are disfavored," and that "a clear preference exists for cases to be adjudicated on the merits."  *Pecarsky,* 249 F.3d at 174.

First, Defendant's default was not willful.  He was not aware that he had been named as a defendant in this lawsuit.  Second, Defendant can establish a meritorious defense as he contends that he never used unreasonable or excessive force against Plaintiff.  Courts in this circuit routinely recognize that a defendant needs only meet a low threshold to satisfy this factor.  *See Am. All. Ins. Co., Ltd. V. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).  Third, Plaintiff will not suffer any prejudice as he will have the opportunity to attempt to prove his case on the merits.

Honorable Jennifer H. Rearden<br>
December 9, 2025<br>
Page 3 of 3

Thank you for your consideration.

Respectfully,

/s/ James A. Randazzo
James A. Randazzo

JAR/cp
Enclosure
cc:    Counsel of Record (Via ECF)